No. 03-742

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 223N

ABEL GONZALES,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                     In and for the County of Flathead, Cause No. DV 2002-486(B)
                     The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Abel Gonzales, *pro se*, Deer Lodge, Montana

        For Respondent:

                Honorable Mike McGrath, Montana Attorney General, Micheal A. Wellenstein, Helena, Montana; Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  July 28, 2004

Decided: August 18, 2004

Filed:

_____
                     Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list published in the Pacific Reporter and Montana Reports.

¶2      Abel Gonzales (Gonzales) appeals *pro se* the judgment of the Eleventh Judicial District Court, Flathead County, denying his petition for postconviction relief.

¶3      We address the following issues on appeal and affirm:

¶4      1.      Did the District Court err in finding that Gonzales could have raised his ineffective assistance of counsel argument in his direct appeal?

¶5      2.      Did the District Court err in denying Gonzales's petition for postconviction relief?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6      Gonzales was charged with four counts of felony theft, three counts of robbery, three counts of aggravated burglary, three counts of felony assault, one count of assault upon a peace officer, and one count of criminal mischief.

¶7      Gonzales entered into a plea agreement with the State of Montana (the State), wherein the State filed an Amended Information charging Gonzales with three counts of robbery and two counts of aggravated burglary. Gonzales agreed to plead guilty to these five felony counts. In exchange for his pleas, the State agreed to recommend a combination of sentences, running concurrently and consecutively, so the maximum possible sentence that Gonzales would receive would not exceed 120 years.

¶8    The Eleventh Judicial District Court, Flathead County, ultimately sentenced Gonzales to 120 years in the Montana State Prison with 40 years suspended for the five felony counts, in accordance with the State's recommendation. Subsequently, Gonzales filed a notice of appeal with this Court, which this Court dismissed, concluding that "an appeal in this case would be wholly frivolous."

¶9    Gonzales then filed a petition for postconviction relief, arguing ineffective assistance of counsel. Upon reviewing the record, Gonzales's petition, his memorandum and affidavits, the State's response, and Gonzales's attorney's affidavit, the District Court denied the petition, finding that Gonzales could have raised his ineffective assistance of counsel claim in his direct appeal, but did not. Hence, the District Court denied Gonzales's petition for postconviction relief.

¶10    Gonzales now appeals the District Court's judgment.

## STANDARD OF REVIEW

¶11    We review a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether the district court's conclusions of law are correct. *Davis v. State*, 2004 MT 112, ¶ 13, 321 Mont. 118, ¶ 13, 88 P.3d 1285, ¶ 13.

DISCUSSION

**¶12    1.    Did the District Court err in finding that Gonzales could have raised his ineffective assistance of counsel argument in his direct appeal?**

¶13    Gonzales argues that the District Court erred in finding that he could have raised his ineffective assistance of counsel claim in his direct appeal, given that this Court has held that non-record based claims--as here at issue--are appropriately raised in a petition for postconviction relief.

¶14    The State concedes that "the district court was incorrect when it concluded that Gonzales could have raised his claim in his direct appeal;" and that the "district court concluded that Gonzales's petition should be dismissed as a matter of law."  However, the State argues that Gonzales "is not entitled to any postconviction relief" on an ineffective assistance of counsel basis because, as the District Court correctly concluded, "there is no underlying merit to his ineffective assistance claim."  Specifically, the State argues that: (1) the plea agreement never mentioned the alleged promised 20-year prison sentence; (2) Gonzales himself refuted his claim of a promised 20-year prison sentence when he acknowledged in the plea agreement that his guilty pleas were not the result of any promises, and when he stated that his counsel had been both effective and competent; (3) Gonzales never testified at the change of plea hearing that a promised 20-year sentence was the reason for him pleading guilty, and, in fact, stated that he understood that the maximum possible sentence he could receive under the plea agreement was 120 years; and (4) Gonzales never

questioned his attorney's performance at the change of plea hearing, and, in fact, stated that he had a chance to ask his attorney questions which his attorney satisfactorily answered.

¶15 Accordingly, while the District Court erred in concluding that Gonzales could have raised his ineffective assistance of counsel argument on direct appeal, that error, in the context of this record, is harmless. There is no merit to Gonzales's ineffective assistance of counsel claim.

¶16 **2. Did the District Court err in denying Gonzales's petition for postconviction relief?**

¶17 Gonzales argues that the District Court erred in denying his petition for postconviction relief given that the State, at Gonzales's change of plea hearing, "had not determined what amount of time it would recommend." In addition, Gonzales argues that, upon his counsel's representations, it was his understanding that "with a guilty plea the prosecution would not recommend more than a 20-year sentence," with the 120-year recommendation being articulated "simply to satisfy the public." In essence, Gonzales argues that because the plea agreement did not explicitly say that the State would recommend a 120-year sentence, he was not fully informed and, thus, his plea was not appropriate.

¶18 The State responds that "[w]hile the precise wording used by the district court [that the State would recommend a sentence not to exceed 120 years in prison] was not in the plea agreement, the plea agreement clearly supports the district court's finding." Specifically, the State argues that the District Court's finding that "the State will recommend a sentence not

to exceed 120 years in prison," was not clearly erroneous given that both Gonzales and his counsel "agreed with the prosecutor's interpretation of the State's sentencing recommendation under the plea agreement," at the change of plea hearing. In addition, the State argues that Gonzales's interpretations of the District Court's findings are incorrect and the record, in essence, speaks for itself regarding the correct interpretations.

¶19 Again, we conclude that, in the context of this record, the District Court's decision is correct and is supported by substantial evidence. There is no merit to Gonzales's ineffective assistance of counsel claim on this issue.

¶20 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

6