JUSTICE LEAPHART
delivered the Opinion of the Court.
¶1 Defendant Gary Frazier appeals the District Court’s denial of his motion to withdraw the guilty plea he made in Justice Court to partner or family member assault. We reverse and remand to the District Corut.
¶2 We restate the issue as follows:
¶3 Did the District Court err in denying Frazier’s motion to withdraw his guilty plea?
BACKGROUND
¶4 On June 26, 2005, Frazier called 9-1-1 to report that his wife, Chrissy Frazier, was beating him and was impeding him from leaving their home. Based upon his wife’s subsequent statement to the police that Frazier had pushed her to the ground and caused her fear, Frazier was charged with one count of partner or family member assault (PFMA).
¶5 On June 27, 2005, while at the Yellowstone County Detention Center, Frazier, without legal counsel or the benefit of a plea agreement, appeared via video before the Yellowstone County Justice Court for arraignment. The court advised Frazier of his constitutional rights and the minimum and maximum penalties for the offense *83 charged. The court apparently also asked Frazier if he understood that by pleading guilty, he was admitting the facts contained in the notice to appear and complaint. However, the court did not specifically ask Frazier what the factual basis was for his plea. In other words, the court did not ask Frazier to relate what he did that constituted the offense of PFMA.
¶6 Frazier then entered a plea of guilty to PFMA, which the court accepted. The court sentenced Frazier to pay a fine of $1,000, and serve twelve months in jail, but suspended this sentence for twelve months with the requirement that Frazier pay a $350 fine, complete forty hours of anger management counseling, have no contact with the victim, and not possess any firearms or ammunition.
¶7 On June 28, one day after he pled guilty, Frazier filed a motion to withdraw his guilty plea, stating that he only pled guilty because he thought it was the fastest way to be released from jail, that he would like to speak to the public defender, and that he was strapped for money. After the Justice Court denied Frazier’s motion, Frazier filed a notice of appeal to the District Court. On October 26, 2005, the District Court held an evidentiary hearing on Frazier’s motion to withdraw his guilty plea, at the conclusion of which the court denied the motion. Frazier subsequently filed this appeal.
STANDARD OF REVIEW
¶8 We review a defendant’s motion to withdraw a guilty plea to determine if the guilty plea was voluntary. Our determination of whether a plea was voluntary is a mixed question of law and fact, which we review de novo. State v. Muhammad, 2005 MT 234, ¶ 12, 328 Mont. 397, ¶ 12, 121 P.3d 521, ¶ 12 (citing State v. Warclub, 2005 MT 149, ¶ 23, 327 Mont. 352, ¶ 23, 114 P.3d 254, ¶ 23).
DISCUSSION
¶9 Did the District Court err in denying Frazier’s motion to withdraw his guilty plea?
¶ 10 To determine whether a defendant entered a plea voluntarily, and whether the district court erred in denying a defendant’s motion to withdraw a guilty plea, we examine “case-specific considerations,” including the adequacy of the court’s interrogation and whether there was a dismissal of another charge via plea bargain. Muhammad, ¶ 14 (citing Warclub, ¶ 19). However, a claim of actual innocence does not affect the voluntariness of a plea because “a defendant’s belief in his innocence or his fear of going to trial do not preclude him from making a voluntary and intelligent choice between possible alternative courses *84 of action.” Muhammad, ¶ 16 (quoting State v. Lone Elk, 2005 MT 56, ¶ 25, 326 Mont. 214, ¶ 25, 108 P.3d 500, ¶ 25).
¶11 Frazier claims the District Court erred in denying his motion to withdraw his plea because the plea colloquy was inadequate, there was no plea bargain, and there is evidence that he is innocent. We may summarily dismiss Frazier’s actual innocence claim because a defendant who believes he is innocent may still make the voluntary choice to plead guilty. Additionally, we recognize that Frazier did not have the benefit of a plea bargain which, while not dispositive, is a factor this Court may consider concerning voluntariness. See Lone Elk, ¶ 16. We are thus left with Frazier’s inadequate plea colloquy contention, which we conclude has merit and is discussed below.
¶12 A. Did Frazier fail to preserve his claim that the plea colloquy was inadequate by not specifically raising the issue in his pro se motion to the Justice Court?
¶13 Section 46-17-203(2)(b), MCA, allows a defendant injustice court, who claims that his plea of guilty was not entered voluntarily, to move to withdraw the plea. If the motion is denied, the defendant may appeal to the district court.
¶14 The State asserts that Frazier failed to preserve his claim that the plea colloquy was inadequate by failing to specifically raise the claim in his motion to withdraw his guilty plea in Justice Court. According to the State, we must disregard the claim because it is fundamentally unfair to fault a court for failing to rule on an issue it was not given the opportunity to consider.
¶15 Frazier’s motion to withdraw, which he submitted pro se to the Justice Court, reads:
I would like to withdraw my guilty plea and enter a not guilty pie [sic]. I plead [sic] guilty because I thought it was the fastes [sic] way to be released from jail, and I would like to talk to a public defender to know what rights and possibility’s [sic] I have. I had neck sugery [sic] on May 17th and am unable to work. My wife is the sole provider of a family of 5 so we are financual [sic] straped [sic] every penny brought in goes to our mortgage and daily life for our family.
¶16 Admittedly, Frazier did not specifically raise the inadequate plea colloquy issue in his written motion to the Justice Court. However, Frazier’s motion was summarily denied without a hearing, and, despite his specific request for counsel, he was not provided counsel who, judging from the issues raised in the District Court, would have raised the issue in a hearing or a brief on Frazier’s motion *85 to withdraw. Further, Frazier’s motion is similar to, if not more inclusive, than the simplistic motion filed by the defendant at the justice court level in State v. Boucher,[1] where we held, despite the fact that the original motion did not specifically raise the inadequate plea colloquy issue, that the District Court erred by not allowing Boucher to withdraw his guilty plea because the court failed to advise Boucher that a plea of guilty would waive his right to appeal. 2002 MT 114, ¶ 28, 309 Mont. 514, ¶ 28, 48 P.3d 21, ¶ 28. Finally, policy dictates that if there is any doubt that a plea was involuntary, the doubt should be resolved in favor of the defendant. Boucher, ¶ 25 (citations omitted). Thus, we conclude that Frazier adequately raised the plea colloquy issue in his general motion to withdraw his plea.
¶17 B. Was the Justice Court’s interrogation inadequate when the court failed to require Frazier to explain what he did that constituted the crime?
¶18 Section 46-12-212(1), MCA, prohibits a court from accepting a guilty plea “without determining that there is a factual basis for the plea in charges of felonies or misdemeanors resulting in incarceration.” A person commits the offense of PFMA if the person purposely or knowingly causes bodily injury, or reasonable apprehension of bodily injury, to a partner or family member. Section 45-5-206(1), MCA. The penalty for the offense includes a minimum jail sentence of twenty-four hours. Section 45-5-206(3)(a)(i), MCA.
¶19 The Justice Court was therefore required to determine whether there was a “factual basis” for Frazier’s plea of guilty to PMFA. The court did not, however, ask Frazier to explain what he had done that constituted PMFA. Instead the Justice Court, at most, asked Frazier if he understood that by pleading guilty he was admitting to the facts alleged in the notice to appear and complaint. However, such an indirect and cursory question does not meet the level of interrogation necessary to determine the “factual basis” for the plea.
¶20 A court “need not extract an admission from the defendant of every element of the crime in order to establish a factual basis for the guilty plea.” Muhammad, ¶ 22 (citations omitted). However, the court must ascertain, from admissions made by the defendant at the plea colloquy, that the acts of the defendant, in a general sense, satisfy the requirements of the crime to which he is pleading guilty. In fact, in all *86 cases where we have upheld the sufficiency of the lower court’s determination of a “factual basis,” at least since our present voluntariness standard was established in Lone Elk, the lower court determined the “factual basis” for a plea through interrogation wherein the defendant stated what he or she did that constituted the offense. See e.g. Lone Elk, ¶ 4 (where the court inquired not only about the elements of burglary, but also the elements of the underlying felony of sexual assault); Warclub, ¶¶ 7-9 (where the court inquired not only into the acts constituting deliberate homicide, but also into whether the defendant acted in self-defense); and Muhammad, ¶ 19 (where the court insured that the defendant was abandoning his “reasonable belief’ defense concerning the charge of sexual intercourse with an underage female before the defendant admitted to the elements of the charge).
¶21 We therefore interpret § 46-12-212(1), MCA, as requiring a court to solicit admissions from a defendant regarding what acts the defendant committed that constitute the offense charged. If a defendant is “unwilling to admit to any element of the offense,” the court must reject the guilty plea or treat the plea as an “Alford plea” and apply the stricter standards of § 46-12-212(2), MCA, which requires “strong evidence of guilt.” See Commission Comments to § 46-12-212, MCA. As the Justice Court here failed to properly interrogate Frazier concerning the elements of PFMA, the plea colloquy did not meet the requirements of § 46-12-212, MCA, and was thus inadequate
CONCLUSION
¶22 The Justice Court’s interrogation was inadequate to determine whether there was any factual basis for Frazier’s guilty plea. Since any doubts as to whether a plea was voluntary should be resolved in favor of the defendant, we hold that the District Court erred by not allowing Frazier to withdraw his guilty plea. Therefore, we reverse and remand this matter to the District Court for further proceedings consistent with this Opinion.
CHIEF JUSTICE GRAY, JUSTICES COTTER and MORRIS concur.

 Boucher’s motion read: “The plea was entered with the [Defendant’s] understanding that he could continue driving. Subsequent events of no fault of any of the parties have proven this to be impossible.” Boucher, ¶ 4.