DA 06-0662

FILED

October 3 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 254N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

LYLE M. BENDER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 06-057
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Randy H. Randolph, Attorney at Law; Havre, Montana

      For Appellee:

          Honorable Mike McGrath, Attorney General; Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          Cyndee L. Peterson, Hill County Attorney; Stephen Gannon, Deputy
County Attorney, Havre, Montana

Submitted on Briefs:  August 29, 2007

Decided:  October 3, 2007

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Lyle M. Bender pled guilty to partner or family member assault in Hill County Justice Court.  The Justice Court later denied Bender's motion to withdraw his guilty plea.  Bender appealed to the Twelfth Judicial District Court, Hill County, which also denied his motion to withdraw his guilty plea.  Bender appeals, and we affirm.

¶3     On appeal, Bender argues the District Court erred in denying his motion to withdraw his guilty plea because he did not fully understand his rights or the consequences of pleading guilty, he did not have the benefit of counsel or a plea agreement before entering his plea, and he did not admit to a sufficient factual basis to support his plea.

¶4     We review a defendant's motion to withdraw a guilty plea to determine whether the plea was voluntary—a mixed question of law and fact which we review *de novo*.  *State v. Frazier*, 2007 MT 40, ¶ 8, 336 Mont. 81, ¶ 8, 153 P.3d 18, ¶ 8 (citation omittied).  A plea is voluntary when the person entering it is fully aware of its direct consequences.  *Duffy v. State*, 2005 MT 228, ¶ 12, 328 Mont. 369, ¶ 12, 120 P.3d 398, ¶ 12 (citation omitted).  Here, the record shows that, when Bender entered his plea, the Justice Court advised him of his

2

constitutional rights, including the right to counsel, and Bender gave no indication that he did not understand those rights or that his plea was involuntary.

¶5      Bender's claim that he did not admit to a sufficient factual basis to support his plea goes to the legality of the court's acceptance of his plea. Section 46-12-212, MCA, requires a trial court accepting a guilty plea to solicit admissions from the defendant regarding the acts the defendant committed that constituted the offense charged. In this case, Bender admitted dragging his wife across the carpet by her legs. That admission established acts sufficient to constitute partner or family member assault. *See* § 45-5-206(1)(a) and (c), MCA.

¶6      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal is without merit because the issues are clearly controlled by settled Montana law. The District Court did not err in denying Bender's motion to withdraw his guilty plea.

¶7      Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE