

DA 06-0518

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 344N

STATE OF MONTANA,

    Plaintiff and Appellee,

  v.

ABEL GONZALES,

    Defendant and Appellant.


APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead,
Cause Nos. DC-98-082(A) and DV-02-486(B),
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Abel Gonzales, pro se, Deer Lodge, Montana

    For Appellee:

    Honorable Mike McGrath, Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

    Ed Corrigan, County Attorney, Kalispell, Montana


    Submitted on Briefs:  June 20, 2007

    Decided:  December 17, 2007

Filed:


_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Appellant Abel Gonzales (Gonzales) appeals from the orders of the Eleventh Judicial District Court, Flathead County, denying his motions to file a second petition for postconviction relief and withdraw his pleas of guilty.  We affirm.

¶3    Gonzales entered into a plea agreement with the State and pled guilty to three counts of robbery and two counts of aggravated burglary.  In exchange for his pleas, the State agreed to recommend a sentence that would not exceed 120 years.  The District Court ultimately sentenced Gonzales to 120 years in the Montana State Prison with forty years suspended.  Gonzales filed a notice of appeal with this Court, which we subsequently dismissed pursuant to an Anders' motion as frivolous.  Gonzales then filed a petition for postconviction relief with the District Court, arguing ineffective assistance of counsel. The District Court denied his petition, and Gonzales appealed the judgment. We subsequently affirmed the District Court's denial of his petition in *Gonzales v. State*, 2004 MT 223N, 323 Mont. 536, holding that there was "no merit to Gonazles's ineffective assistance of counsel claim . . . ."  *Gonzales*, ¶ 19.   Thereafter, Gonzales filed two motions with the District Court.  The first was a motion to file a second petition for

2

postconviction relief. The second was a motion to withdraw his guilty pleas. The District Court denied both motions, and Gonzales appeals.

¶4     We review a district court's denial of a postconviction relief petition to determine if the findings of fact are clearly erroneous and whether its conclusions of law are correct. *Davis v. State*, 2004 MT 112, ¶ 13, 321 Mont. 118, ¶ 13, 88 P.3d 1285, ¶13. We review a motion to withdraw a guilty plea to determine if the plea was voluntary. *State v. Frazier*, 2007 MT 40, ¶ 8, 336 Mont. 81, ¶ 8, 153 P.3d 18, ¶ 8. This is a mixed question of law and fact, which we review de novo. *Frazier*, ¶ 8.

¶5     Gonzales's second petition for postconviction relief asserted seven grounds for relief: (1) ineffective assistance of counsel; (2) the State withheld exculpatory evidence; (3) the imposed sentence was excessive; (4) violation of double jeopardy; (5) denial of due process; (6) improper use of hearsay evidence at the sentencing hearing; and (7) State violation of the plea agreement. A brief review of these claims reveals that they are all procedurally barred. We previously determined that the ineffective assistance of counsel claim was meritless, thereby barring it from further review. *Gonzales*, ¶ 19. Gonzales's fourth and sixth claims are barred by § 46-21-105(1)(b), MCA, because he could have reasonably raised them in his first petition for postconviction relief. The remaining claims are procedurally barred by § 46-21-105(2), MCA, because they are all issues he could have raised as a part of his direct appeal. Accordingly, the District Court's conclusions of law are correct.

¶6     Gonzales's final issue on appeal is that the District Court improperly denied his motion to withdraw his guilty pleas. Section 46-16-105(2), MCA, permits withdrawing a

3

guilty plea for "good cause shown[.]"  Involuntariness of a plea is an example of "good cause."  *State v. Warclub*, 2005 MT 149, ¶ 16, 327 Mont. 352, ¶ 16, 114 P.3d 254, ¶ 16. Here, Gonzales does not challenge the voluntariness of his pleas.  Rather he challenges his guilty pleas on three grounds: (1) ineffective assistance of counsel; (2) imposition of an excessive sentence; and (3) violation of double jeopardy.  These arguments are also without merit.

¶7      First, as previously stated, we have already resolved the ineffective assistance of counsel claim and will not review it again here.  *See Gonzales*, ¶ 19.  Second, Gonzales's claim that his sentence is "excessive" does not undermine the nature of his pleas as voluntary, knowing, and intelligent.  Moreover, he does not assert that an excessive sentence qualifies as "good cause" to allow a withdrawal of his pleas.  Consequently, Gonzales's argument is little more than an equitable claim that does not change the outcome of his pleas.

¶8      Lastly, Gonzales's argument that pleading guilty to both aggravated burglary and robbery violates double jeopardy is without merit.  "[T]he *Blockburger* 'elements' test . . . is appropriate [when] analyzing double jeopardy arguments relating to whether there are two offenses or only one . . . ."  *State v. Tadewaldt*, 277 Mont. 261, 268, 922 P.2d 463, 467 (1996).  This means that when determining if "'the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'"  *State v. McQuiston*, 277 Mont. 397, 405, 922 P.2d 519, 524 (1996) (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct.

4

180, 182 (1932)). "[T]he term, 'facts,' refers to the statutory elements of the offenses, not the individual facts of the case." *State v. Beavers*, 1999 MT 260, ¶ 30, 296 Mont. 340, ¶ 30, 987 P.2d 371, ¶ 30. Therefore, because aggravated burglary requires distinct elements from robbery, *compare* § 45-6-204(2)(a), MCA, *with* § 45-5-401(1)(b), MCA, Gonzales's guilty pleas do not violate double jeopardy.

¶9 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶10 Affirmed.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS