JUSTICE NELSON
dissents.
¶25 I respectfully dissent from the Court’s decision.
¶26 Section 46-12-212(2), MCA, sets out the requirements for the Court’s acceptance of an Alford plea. This statute provides:
A defendant who is unwilling to admit to any element of the offense that would provide a factual basis for a plea of guilty may, with the consent of the court, enter a plea of guilty or may, with the consent of the court and the prosecutor, enter a plea of nolo contendere to the offense if the defendant considers the plea to be in the defendant’s best interest and the court determines that there is a factual basis for the plea.
¶27 In State v. Frazier, 2007 MT 40, 336 Mont. 81, 153 P.3d 18, this Court set out the standards for the trial court’s determination of the factual basis for the plea when the defendant enters an Alford plea. Specifically, we stated:
If a defendant is “unwilling to admit to any element of the offense,” the court must reject the guilty plea or treat the plea as an “Alford plea” and apply the stricter standards of § 46-12-212(2), MCA, which requires “strong evidence of guilt.” See Commission Comments to § 46-12-212, MCA.
Frazier, ¶ 21.
¶28 Here, the District Court did not properly determine a factual basis for accepting defendant’s Alford plea. The court failed to elicit admissions from Locke or consider any actual evidence from the State beyond the allegations in the affidavit and information, so as to determine Locke’s involvement in the offense. The District Court failed to question Locke regarding any fact other than whether he understood what he was doing. Indeed, the trial judge did not ask Locke or the prosecutor a single question regarding the actual offense to which Locke was entering his Alford plea.
¶29 Rather, the court merely reviewed the information and the affidavit in support of the information and then accepted the plea, without more. The District Court’s reliance on the information and supporting affidavit was insufficient to determine a factual basis *394 establishing “strong evidence of guilt” for accepting the plea. The affidavit contained nothing more than a statement of probable cause for leave to grant the filing of the information. Moreover, the affidavit showed nothing more than that Locke was present at the scene of the crime. That fact, in turn and in and of itself, is insufficient to establish criminal responsibility. State v. Flatley, 2000 MT 295, ¶ 12, 302 Mont. 314, ¶ 12, 14 P.3d 1195, ¶ 12 (“Mere presence at the scene of a crime is ... insufficient to establish criminal responsibility. State ex rel. Murphy v. McKinnon (1976), 171 Mont. 120, 125, 556 P.2d 906, 909.”). Finally, the affidavit simply contained conflicting versions of the alleged offense.
¶30 While the Court goes to some length to justify reaching the Opinion’s result, what is most troubling is that the Court’s approach simply ignores what we required in Frazier. The Court’s decision here stands for the proposition that, now, all that § 46-12-212(2), MCA, requires is for the trial court to look at the affidavit and information; make factual judgments and credibility determinations from the mere allegations contained in those documents; and, from that cold paper review, determine the defendant’s guilt. The trial judge never needs to ask either the defendant or the prosecutor a single question; the court needs no actual “evidence” of the defendant’s guilt at all. If this suffices for the “strong evidence of guilt” that we required in Frazier, then it is impossible to envision what a lesser quantum of evidence might be.
¶31 Instead of perpetuating the facade of a precedent we choose not to follow, we should simply overrule Frazier and its progeny and avoid the pretense that these cases still stand for any principle of law which we will enforce in some future case.
¶32 I would follow our precedent. I conclude that the trial court’s failure to elicit admissions from Locke or consider any actual evidence from the State beyond the conflicting allegations in the affidavit and information, in order to determine defendant’s involvement in the offense, was clear error. The District Court’s colloquy in accepting Locke’s plea was insufficient as a matter of law to establish “strong evidence of guilt.” The trial court’s failure to elicit admissions or obtain other evidence of guilt violates the unambiguous requirements of § 46-12-212(2), MCA, as interpreted by this Court in Frazier.
¶33 Accordingly, I would reverse and remand, and direct the District Court to allow Locke to withdraw his Alford plea. From our failure to do so, I dissent.