FILED

September 24 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0001

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 278N

CHARLES TODD CLUGSTON,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause Nos. DC-07-495(C), DC-09-511(B), DV-11-341(C)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Chad M. Wright, Wright Legal, P.C., Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General; Pamela P. Collins, Assistant Attorney General, Helena, Montana

            Ed Corrigan, Flathead County Attorney; Travis R. Ahner, Deputy County Attorney, Kalispell, Montana

                    Submitted on Briefs:   August 28, 2013
                           Decided:   September 24, 2013

Filed:

_____
                  Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Charles Todd Clugston appeals from an order of the Eleventh Judicial District Court, Flathead County, denying his Motion to Withdraw Guilty Pleas and Petition for Postconviction Relief. We affirm.

¶3     We rephrase the following issues on appeal:

¶4     *Issue One: Whether the District Court properly denied Clugston's motion to withdraw his guilty pleas.*

¶5     *Issue Two: Whether there was a sufficient factual basis for Clugston's plea to criminal endangerment.*

¶6     *Issue Three: Whether Clugston was denied effective assistance of counsel.*

¶7     *Issue Four: Whether the State violated the plea agreement by opposing Clugston's parole.*

¶8     Clugston was arrested October 20, 2007, after a dispute with his wife. He was charged with sexual intercourse without consent, tampering with or fabricating physical evidence, and criminal destruction of or tampering with communications. Trial began May 11, 2009. On the fourth day of trial, an oral plea agreement was reached. Clugston pled

guilty to amended charges of criminal endangerment and tampering with or fabricating physical evidence.

¶9 The District Court questioned Clugston under oath to determine that his plea was voluntary and of his own free will. Clugston was then questioned by his attorney, Eduardo Gutierrez-Falla, to establish a factual basis for the plea. With regard to the criminal endangerment charge, he testified that in Flathead County on or about October 20, 2007, he had knowingly engaged in a course of conduct that created a substantial risk of serious bodily injury to Heather Clugston. The District Court accepted Clugston's plea. The State then informed the Court that a sex offender evaluation would be needed prior to sentencing. Defense counsel confirmed that an evaluation was part of the agreement.

¶10 Sentencing was ultimately set for December 11, 2009. On November 10, 2009, Clugston was arrested in a drunk driving incident. He pled guilty to criminal endangerment and driving under the influence of alcohol. Because the plea agreement on the previous charges had been oral, Clugston signed written plea agreements on November 18, 2009, pertaining to both sets of charges. The written agreements show that the State would recommend a ten year sentence, with all time suspended, for the first criminal endangerment and tampering. The State would recommend a ten year sentence, with no time suspended, for the second criminal endangerment. The sex offender evaluation was not mentioned in the agreement, because it had already been completed. The sex offender evaluation and pre-sentencing investigation recommended that Clugston complete phase I sex offender treatment.

¶11 Clugston was sentenced on all four charges on December 11, 2009. The State made its recommendation in accordance with the plea agreements. For the first criminal endangerment and tampering, Clugston received a ten year sentence, with all time suspended, and was required to complete phase I sex offender treatment. For the second criminal endangerment, he received a ten year sentence with five years suspended. For driving under the influence, he received a six month sentence, to run concurrently. The written judgment and sentence was issued January 27, 2010.

¶12 On December 30, 2010, Clugston appeared before the parole board. Flathead County Attorney Ed Corrigan wrote a letter opposing Clugston's parole. The parole board denied Clugston's application and recommended that he complete phase II sex offender treatment.

¶13 Clugston, acting *pro se*, moved to withdraw all four guilty pleas on January 24, 2011, and filed a petition for postconviction relief on March 23, 2011. With respect to his plea to the first charge of criminal endangerment, Clugston claimed his attorneys had told him the charge was based on a reckless driving incident. He claimed he was never informed of the sex offender evaluation condition. He did not claim that his pleas to the other three charges were entered involuntarily or without sufficient understanding. Clugston also claimed ineffective assistance of counsel on the grounds that his attorneys conspired with the State to coerce his plea, and then failed to petition for correction of the written judgment and sentence, which he perceived to be inconsistent with the sentence delivered at the hearing. Finally, Clugston argued that Corrigan's letter violated the plea agreement.

¶14 An evidentiary hearing was held on July 6, 2012, at which Clugston was represented by counsel. He did not testify. Gutierrez-Falla testified that he had told Clugston the plea to

4

criminal endangerment was based on "what was taking place in their bedroom between him and his then wife just before his arrest." He said he had avoided stating the details in open court because he did not want the record to contain any reference to sex offenses. Gutierrez-Falla and co-counsel Scott Hilderman both testified that Clugston was informed of the sex offender evaluation requirement before entering his plea. Clugston did not question either attorney about their failure to object to or appeal the sentence. The District Court denied both the motion to withdraw guilty pleas and the petition for postconviction relief in an order dated December 24, 2012.

¶15 On appeal of the denial of a motion to withdraw plea, this Court reviews findings of underlying fact for clear error and conclusions of law for correctness. *State v. Warclub*, 2005 MT 149, ¶ 24, 327 Mont. 352, 114 P.3d 254. The same standard is applied to petitions for postconviction relief. *Rose v. State*, 2013 MT 161, ¶ 15, 370 Mont. 398, 304 P.3d 387. This Court reviews mixed questions of law and fact regarding the voluntariness of a plea de novo. *Warclub*, ¶ 24. Claims of ineffective assistance of counsel are also mixed questions of law and fact, and reviewed de novo. *St. Germain v. State*, 2012 MT 86, ¶ 7, 364 Mont. 494, 276 P.3d 886. Finally, this Court reviews de novo the issue of whether the State has breached a plea agreement. *State v. Lewis*, 2012 MT 157, ¶ 13, 365 Mont. 431, 282 P.3d 679.

¶16 *Issue One: Whether the District Court properly denied Clugston's motion to withdraw his guilty pleas.*

¶17 A defendant may be permitted to withdraw his guilty plea within one year of final judgment for good cause. Section 46-16-105(2), MCA. A guilty plea must be voluntary, knowing, and intelligent, with awareness of the likely consequences. *Brady v. United States*,

397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970). A district court's denial of a motion to withdraw a guilty plea will not be overturned unless the defendant was unaware of the consequences of his plea or was induced by threats, misrepresentations, or improper promises. *Warclub*, ¶ 32 (citing *Brady*, 397 U.S. at 755, 90 S. Ct. at 1472).

¶18 The District Court accepted the testimony of Gutierrez-Falla and Hilderman that they had fully informed Clugston of the basis of the plea and its conditions. Their testimony was contradicted only by Clugston's parents' testimony that they were surprised by the plea. The District Court's finding that Clugston was fully informed about the plea is supported by substantial evidence and is not clearly erroneous.

¶19 Before entering his plea, Clugston testified under oath that his plea was voluntary and of his own free will. Months later he signed a written plea agreement. Clugston did not move to withdraw his plea until nearly two years after it had been entered, one year after sentencing, and after he had completed both the sex offender evaluation and phase I sex offender treatment. Clugston received a significant benefit from the plea agreement because the amended charge of criminal endangerment allowed him to avoid sex offender registration, an important objective to him. The conclusion of the District Court that Clugston understood the consequences of his plea and entered his plea knowingly and voluntarily is correct.

¶20 *Issue Two: Whether there was a sufficient factual basis for Clugston's plea to criminal endangerment.*

¶21 A court must determine that there is a factual basis for a guilty plea before the plea can be accepted. Section 46-12-212(1), MCA. The court must obtain admissions

6

demonstrating "that the acts of the defendant, in a general sense, satisfy the requirements of the crime to which he is pleading guilty." *State v. Frazier*, 2007 MT 40, ¶ 20, 336 Mont. 81, 153 P.3d 18.

¶22 Clugston's testimony, following three days of trial, established that he engaged in conduct that created a substantial risk of serious bodily injury to Ms. Clugston, that he did so knowingly, and that Ms. Clugston was not seriously injured, but his conduct created a substantial risk of injury. This was sufficient to show that his acts satisfied the elements of the crime of criminal endangerment.

¶23 *Issue Three: Whether Clugston was denied effective assistance of counsel.*

¶24 Contrary to the State's assertions that Clugston did not raise this issue in the District Court, it is clear from the record that he did; if not specifically, it was generally raised throughout his pleadings in his complaints about trial counsel.

¶25 Both defense counsels indicated that Clugston was aware of all the provisions of the plea agreement, as well as the sexual offender treatment recommendation made in the presentence investigation. Clugston's attorney verbally advised the District Court at the time of the change of plea hearing that a sex offender evaluation was part of the plea agreement. Hilderman's affidavit advised that his client never asked the attorney to amend his sentence or to move to withdraw his guilty plea.

¶26 The District Court accepted the testimony of counsel and determined that Clugston failed to establish that "counsels' performance fell below that guaranteed to Petitioner by the Sixth Amendment." We concur with the District Court.

¶27 *Issue Four: Whether the State violated the plea agreement by opposing Clugston's parole.*

¶28 A plea agreement is subject to contract law standards, and the State must fulfill its contractual obligations strictly. *State v. McDowell*, 2011 MT 75, ¶ 14, 360 Mont. 83, 253 P.3d 812. The State may not act in a way that undermines its sentencing recommendation. *State v. Rardon*, 2005 MT 129, ¶ 19, 327 Mont. 228, 115 P.3d 182.

¶29 The written plea agreement entered on November 18, 2009, contained no agreement regarding parole. The State fulfilled its obligation by recommending the sentence outlined in the written plea agreement. The State did not undermine its recommendation to the sentencing court, and in fact, the sentence received was five years less than that recommended by the State. The District Court did not err in concluding that the State did not violate the plea agreement.

¶30 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶31 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON