FILED

07/05/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0395

DA 15-0395

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT162N

STATE OF MONTANA,

   Petitioner and Appellee,

  v.

TRACY ANN HARLESS,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Eighth Judicial District,
       In and For the County of Cascade, Cause No. CDC 13-377(A)
       Honorable Greg Pinski, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

      Jason T. Holden, Katie R. Ranta, Faure Holden Attorneys at Law, P.C.,
      Great Falls, Montana

      Daniel Donovan, Attorney at Law, Great Falls, Montana

   For Appellee:

      Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
      Attorney General, Helena, Montana

      John W. Parker, Susan Weber, Cascade County Attorney, Great Falls,
      Montana

         Submitted on Briefs: May 25, 2016

             Decided: July 5, 2016

Filed:

           Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Tracy Ann Harless challenges the validity of her *nolo contendere* plea to the charge of negligent homicide arising out of the death of her one-year-old grandson while in her care. Harless makes two basic substantive arguments on appeal; first, that her plea was not voluntary because the court did not explain the elements of the crime of negligent homicide, and second, that the District Court's colloquy was insufficient to accept a plea of *nolo contendere* because sufficient evidence was not presented in the record to establish her guilt.

¶3    For relief, Harless states that her "*Nolo Contendere* plea must be set aside and the case remanded to a different district court judge for further proceedings." However, in response to the State's argument that she failed to raise her issues before the District Court, Harless asserts that "[t]he State misses [her] arguments. It is not about her seeking to withdraw her *Nolo Contendere* plea. Her argument is not revolutionary—she is simply pointing out that her *Nolo Contendere* plea is constitutionally infirm." Harless did not move to withdraw her plea in the District Court. Thus, we take from Harless' positions that she believes her plea was invalidly entered, and that she seeks not to withdraw her

2

plea, but to simply be afforded a repeat process of entering her plea before a new district court judge.

¶4     We review whether a plea was entered voluntarily de novo. *State v. Locke*, 2008 MT 423, ¶ 12, 347 Mont. 387, 198 P.3d 316. We review a district court's factual findings for clear error. *Locke*, ¶ 12. A court may not accept a plea of *nolo contendere* without first determining, among other things, that the plea is voluntary. Section 46-12-204(2), MCA. A defendant's plea is voluntary only when the defendant is fully aware of the direct consequences of the plea. *State v. Lone Elk*, 2005 MT 56, ¶ 21, 326 Mont. 214, 108 P.3d 500. To determine whether a defendant entered a plea voluntarily we examine "case-specific considerations." *State v. Frazier*, 2007 MT 40, ¶ 10, 336 Mont. 81, 153 P.3d 18.

¶5     Harless contends her plea was not entered voluntarily because the District Court did not inform her of the elements of negligent homicide. However, a review of the record indicates Harless was fully aware of the charges against her. Harless was represented by counsel. The information alleged that Harless had committed the offense of negligent homicide for "negligently causing the death of another human being." The attached affidavit stated, in some detail, the State's theory of the case and supporting facts. At the change of plea hearing, the District Court confirmed that Harless had listened to, and understood, the testimony of the investigating detective. The District Court also confirmed Harless understood the rights she was giving up in exchange for pleading *nolo contendere,* including the right to instruct the jury on lesser-included offenses, that she had made the decision under advice from counsel, that she had not been

3

coerced or threatened by anyone into accepting a plea, that she understood what pleading *nolo contendere* meant, that she understood the State's sentence recommendation was not binding on the court, and that she acknowledged if the case went to trial the State could likely prove and the jury would likely convict Harless of negligent homicide.

¶6 It is simply a misstatement of the record for Harless to contend she did not know she was pleading *nolo contendere* to negligent homicide, or that she did not understand the consequences of pleading *nolo contendere* to negligent homicide. The District Court's failure to provide a rote statement of the elements of negligent homicide at one particular point in the proceeding did not render Harless' plea involuntary.

¶7 A defendant may enter a plea of *nolo contendere* if the defendant considers the plea to be in the defendant's best interest and the court determines that there is a factual basis for the plea. Section 46-12-212(2), MCA. There is a "factual basis for the plea" when there is "strong evidence of guilt." *Frazier*, ¶ 21.

¶8 The record contains "strong evidence" of guilt. The information and attached affidavit stated the following facts: the child died from a fatal drug overdose of oxycodone; Harless had a prescription for oxycodone; Harless was babysitting the child on the night in question; and Harless told the investigating detective that she had been responsible for the child getting "the pill." At the change of plea hearing, the investigating detective testified that: Harless sold drugs out of the home; Harless admitted to hiding pills in various places in the residence; the child was in the sole care of Harless at the time; Harless admitted the child could have only gotten oxycodone from her; Harless had told the child's mother that the mother could hate Harless forever; and

4

Harless had told a neighbor administering CPR to the child that she had "just killed [her] grandson."

¶9 The record establishes "strong evidence" of guilt and the District Court's finding was therefore not clear error.

¶10 We have determined to decide this case pursuant to Section 1, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court's findings of fact were not clearly erroneous and its interpretation and application of the law were correct.

¶11 Affirmed.

/S/ JIM RICE

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON