DA 19-0530

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 232N

SCOTT SPERLE,

       Petitioner and Appellant,

   v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV 2018-566
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Palmer A. Hoovestal, Hoovestal Law Firm, PLLC, Helena, Montana

       For Appellee:

       Timothy C. Fox, Montana Attorney General Mardell, Ployhar, Assistant
Attorney General, Helena, Montana

       Leo J. Gallagher, Lewis and Clark County Attorney, Melissa Broch, Deputy
County Attorney, Helena, Montana

                     Submitted on Briefs:  July 29, 2020

                            Decided:  September 15, 2020

Filed:

_____
               Clerk

FILED

09/15/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0530

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Petitioner Scott Sperle (Sperle) appeals from a First Judicial District Court, Lewis and Clark County, order denying a petition for postconviction relief.  We affirm.

¶3     On October 26, 2016, the State of Montana charged Sperle with four counts of felony Sexual Abuse of Children under § 45-5-625(1)(b), MCA, one count of misdemeanor Surreptitious Visual Observation or Recordation under § 45-5-223(1)(b), MCA, and one count of felony Tampering with or Fabricating Physical Evidence under § 45-7-207(1)(a), MCA.  Each count of Sexual Abuse of Children carried a possible life sentence.  Section 45-5-625(a), MCA.

¶4     The supporting Affidavit of Probable Cause alleged that Sperle had recorded a 14-year-old girl in one of the bathrooms in Sperle's residence on or about September 12, 2016.  According to the Affidavit, the victim needed to use the bathroom while she was in Sperle's home.  Though there were multiple bathrooms in the house, Sperle insisted on using a particular bathroom himself before she did.  After Sperle left, the victim used the bathroom.  While washing her hands, she noticed a cell phone in the garbage can.  Upon further examination, she discovered that the phone's camera was recording video.  When

she played back the video, it showed Sperle placing the phone in the garbage can, positioning it in such a way as to record someone using the toilet, and placing toilet paper around the phone in an attempt to conceal it. According to the victim, Sperle ran into the bathroom in a panic, asking if the victim had seen the phone. When she handed it to him, he took it into another room and deleted the video.

¶5 On August 23, 2017, Sperle appeared with counsel and pled guilty to one count of Sexual Abuse of Children. The State dismissed all remaining counts and recommended a sentence of 30 years with 20 years suspended. Sperle signed an Acknowledgment of Waiver of Rights, in which he "acknowledge[d] that I am satisfied with the services of my attorney and that there has been ample time to prepare a defense" and that "I am satisfied that my lawyer has been fair to me, has advised me fully of my rights, and has represented me properly." The same signed document stated: "The following facts lead me to believe I am guilty of the above offense: Count I: I surreptitiously photographed a 14-year[-]old girl using the bathroom in my home."

¶6 At the plea hearing, the court asked Sperle: "Are you satisfied with your attorney— Mr. Abbott?" to which Sperle responded in the affirmative. The court confirmed that Sperle was not under the influence of alcohol, drugs, or prescription medication and had not been coerced or threatened into taking the guilty plea. The court inquired: "So tell me what it is that you did that makes you think you're guilty," to which Sperle responded, "I surreptitiously photographed a 14-year-old girl using the bathroom in my home." The District Court accepted the plea and sentenced Sperle according to the terms of the agreement. Sperle did not move to withdraw his plea or file a direct appeal.

3

¶7    On June 11, 2018, Sperle filed a pro se petition for postconviction relief, which he later amended, raising various claims including ineffective assistance of counsel and a challenge to the factual basis underlying the plea.  In a July 17, 2019 order, the District Court denied the petition without a hearing.  Though noting that some claims were "arguably record-based" and therefore potentially inappropriate for consideration in a petition for postconviction relief, the court went on to address the merits of the claims.  The District Court found that Sperle's admission at the time of the plea provided a sufficient factual basis and also noted the strong presumption that counsel was effective.  The court found that the record "conclusively establishes that Sperle is not entitled to postconviction relief."

¶8    Now represented by counsel on appeal, Sperle raises two issues in challenging the dismissal of his petition for postconviction relief.  First, Sperle challenges the District Court's finding that there was a sufficient factual basis underlying his guilty plea.  Second, Sperle contends that the District Court erred in dismissing his ineffective assistance of counsel claim without allowing discovery on defense counsel's thought process in advising Sperle to plead guilty.

¶9    The standard of review for a denial of a petition for postconviction relief is whether the lower court's findings of fact are clearly erroneous and whether its conclusions of law are correct.  *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118.  Discretionary rulings, including whether to hold an evidentiary hearing, are reviewed for abuse of discretion.  *Heath*, ¶ 13.  We review a lower court's determination of the presence of an adequate factual basis for a guilty plea de novo, as a mixed question of law and fact.  *See*

4

*State v. Wise*, 2009 MT 32, ¶¶ 9, 11, 349 Mont. 187, 203 P.3d 741; *State v. Muhammad*, 2005 MT 234, ¶¶ 12, 22, 328 Mont. 397, 121 P.3d 521; *State v. Frazier*, 2007 MT 40, ¶¶ 8, 20, 336 Mont. 81, 153 P.3d 18.

¶10 Sperle argues that the District Court erred in concluding that his guilty plea was supported by a sufficient factual basis as required by § 46-12-212, MCA. Sperle argues that his admission at the plea colloquy—that he "surreptitiously photographed a 14-year-old girl using the bathroom in [his] home"—was insufficient to establish the required factual basis to support a plea of guilty to the offense of Sexual Abuse of Children under § 45-5-625(1)(b), MCA.

¶11 Postconviction relief is not available for issues that "could reasonably have been raised on direct appeal" where the "petitioner has been afforded the opportunity for a direct appeal." Section 46-21-105(2), MCA. Sperle did not raise the issue of an insufficient factual basis for a plea on direct appeal, nor did he move to withdraw his guilty plea. In the order denying Sperle's postconviction relief petition, the District Court noted that "at least some of [Sperle's] claims are arguably record-based" and that postconviction relief is not meant as a substitute for direct appeal. Here, Sperle seems to argue that, because he brings an ineffective assistance of counsel claim, he is entitled to bring a related claim of an insufficient factual basis in his petition for postconviction relief. Furthermore, he argues that the conditions of the plea agreement itself denied him the opportunity to pursue a direct appeal, such that he should not now be barred from raising the issue in a petition for postconviction relief. Regardless, the District Court chose to address the merits of the

5

claims and we, likewise, need not address the procedural bar in order to resolve the present appeal. We conclude that there was a sufficient factual basis to support the guilty plea.

¶12 A person is guilty of sexual abuse of children if one "knowingly photographs, films, videotapes, develops or duplicates the photographs, films, or videotapes, or records a child engaging in sexual conduct, actual or simulated." Section 45-5-625(1)(b), MCA. "Sexual conduct" is defined as including "defecation or urination for the purpose of the sexual stimulation of the viewer." Section 45-5-625(5)(b)(i)(G), MCA. Sperle contends that his admission at the plea colloquy was insufficient to establish a factual basis demonstrating that he photographed the victim while she was defecating or urinating and did so for his "sexual stimulation," as required by statute.

¶13 At the plea colloquy, Sperle responded to the court's inquiry by admitting that he had "surreptitiously photographed a 14-year-old girl using the bathroom in [his] home." Sperle now argues that his admission does not equate to one that he photographed the victim while urinating or defecating for his sexual stimulation. According to Sperle, because the words used in his admission could have described a course of conduct in which he photographed the victim simply taking medications, there is an insufficient factual basis to support a guilty plea for photographing someone defecating or urinating for the sexual stimulation of the viewer.

¶14 Sperle's argument essentially implies that the factual basis required by § 46-12-212, MCA, cannot be met when a defendant's verbal admission in colloquy could, in the abstract, conceivably describe a course of conduct beyond the reach of the criminal statute. This is unfounded.

6

¶15 This Court's precedents make clear that § 46-12-212, MCA, does not require a defendant wishing to enter a guilty plea to present a comprehensive and precise formulation of legalese. *See Muhammad*, ¶ 22 (holding that § 46-12-212, MCA, does not require the court's colloquy to "extract an admission from the defendant of every element of the crime in order to establish a factual basis for the guilty plea." (internal quotations omitted)); *State v. Frazier*, 2007 MT 40, ¶ 20, 336 Mont. 81, 153 P.3d 18 (describing § 46-12-212, MCA, as satisfied by admissions which, "*in a general sense*, satisfy the requirements of the crime to which [the defendant] is pleading guilty." (emphasis added)). Though a factual basis requires more than a mere "indirect and cursory" reference to charging documents, *see Frazier*, ¶ 19, the focus of § 46-12-212, MCA, is on ascertaining facts, not reciting legal elements.

¶16 Though Sperle did not explicitly admit to photographing the victim for his own sexual stimulation, and now denies that "using the bathroom" referred to excretory or urinary functions, both were implicit in his admission. Nothing in § 46-12-212, MCA, prevents the court from using reasonable inference in determining the existence of a factual basis. In *State v. Schaff*, the defendant admitted to voluntarily stabbing a victim several times, but denied intending to kill the victim, a required element of the deliberate homicide crime to which the defendant was pleading guilty. 1998 MT 104, ¶¶ 21, 25, 288 Mont. 421, 958 P.2d 682 *overruled on other grounds by State v. Deserly*, 2008 MT 242, ¶ 12 n. 1, 344 Mont. 468, 188 P.3d 1057 *overruled on other grounds by State v. Brinson*, 2009 MT 200, ¶ 9, 351 Mont. 136, 210 P.3d 164. The *Schaff* Court found that the intent to kill could be inferred from the admission to repeated stabbing and was further supported by a

substantial amount of evidence in the State's offer of proof. *Schaff*, ¶ 25. The *Schaff* Court found no "credible argument could be made" that the defendant's actions were taken without the requisite intent. *Schaff*, ¶ 25.

¶17 Similarly, Sperle's admission here belies any credible argument that his purpose was for anything other than his sexual stimulation. Sperle acknowledged engaging in an unusual course of conduct—that of "surreptitiously photograph[ing] a 14-year-old girl using the bathroom . . ."—with no credible alternative explanation.

¶18 Sperle's admission was also supported by other evidence in the record. Section 46-12-212, MCA, does not limit the court to the defendant's statements during colloquy in determining the existence of a factual basis for a plea. *See Schaff*, ¶ 22 (noting that § 46-12-212, MCA, "simply requires that a factual basis for the defendant's plea be established" and "[t]he statute does not preclude the State from offering proof that a factual basis exists for a defendant's guilty plea."). Here, the Affidavit of Probable Cause alleged that Sperle had placed a camera in a garbage can positioned in such a way that it would record the victim "using the toilet." Sperle surely understood that he was not making a guilty plea for having engaged in some benign form of furtive photographing.

¶19 Sperle cites *Frazier* in support of his argument. In *Frazier*, the lower court had, "at most, asked [the defendant] if he understood that by pleading guilty he was admitting to the facts alleged in the notice to appear and complaint." *Frazier*, ¶ 19. On appeal, the *Frazier* Court held such an "indirect and cursory" inquiry insufficient to satisfy the factual basis requirement for a plea. *Frazier*, ¶ 19. In contrast, Sperle's exchange with the court here was neither indirect nor cursory. In response to the prompt, "tell me what it is that

8

you did that makes you think you're guilty," Sperle described a course of conduct which, in context and supported by other evidence in the record, provided a strong indication of factual guilt. Rather than mechanically affirming a reference to legal documents buried in the record, Sperle here engaged in a frank exchange with the court about what he had done.

¶20 Sperle reminds us that "[i]f there is any doubt that a plea is involuntary, the doubt should be resolved in the defendant's favor." *Schaff*, ¶ 17. However, Sperle has not raised any credible doubts regarding the voluntariness of his plea here. The signed written plea agreement and the exchange with the District Court make clear that Sperle understood completely the nature of the proceeding, was satisfied with his attorney, and was voluntarily entering a plea.

¶21 For the foregoing reasons, we conclude that the District Court did not err in finding that Sperle's admissions had supplied a sufficient factual basis under § 46-12-212, MCA, to support the plea of guilty to Sexual Abuse of Children.

¶22 Sperle next argues that the District Court abused its discretion in dismissing his petition based on ineffective assistance of counsel without holding an evidentiary hearing or obtaining a response from trial counsel.

¶23 To bring a petition for postconviction relief, a petitioner must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. A court may, without evidentiary development, dismiss petitions that fail to provide such materials. *Hamilton v. State*, 2010 MT 25, ¶ 10, 355 Mont. 133, 226 P.3d 588. The petition must supply evidence to support the claim beyond mere

9

conclusory allegations or "self-serving statement[s]." *Kelly v. State*, 2013 MT 21, ¶¶ 9-11, 368 Mont. 309, 300 P.3d 120 (quotation omitted). A district court may also dismiss a petition for postconviction relief without ordering a response if the petition, files, and records "conclusively show that the petitioner is not entitled to relief . . . ." Section 46-21-201(1)(a), MCA. Petitioners seeking postconviction relief must bear the burden of showing they are entitled to relief by a preponderance of the evidence. *Ellenburg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473.

¶24 To succeed in claiming ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was both deficient and prejudiced the defendant. *Baca v. State*, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948. There is a strong presumption that defense counsel's performance fell within the objective standard of reasonableness under prevailing professional norms and therefore was not deficient. *Baca*, ¶ 17. To demonstrate prejudice, a petitioner must show a "reasonable probability that, but for counsel's deficient performance," the outcome of the proceeding would have been different. *Baca*, ¶ 17.

¶25 Sperle argues that his defense counsel was ineffective when he allowed Sperle to plead guilty to the felony of Sexual Abuse of Children, though Sperle only admitted to facts which he now alleges do not necessarily constitute that crime. As discussed above, there was a factual basis sufficient to allow the court to accept Sperle's guilty plea. The argument that the factual basis was insufficient to allow effective counsel to advise Sperle to go forward with that same plea is equally unconvincing.

10

¶26 Sperle also asserts that defense counsel did not properly explain to him that the charged statute required an element of sexual conduct. This unsupported allegation lacks credibility. Sperle admitted he "surreptitiously photographed a 14-year-old girl using the bathroom in [his] home" while pleading guilty to Sexual Abuse of Children.

¶27 If Sperle means that his counsel should not have allowed him to take the plea, he fails to show how such a decision indicates he suffered prejudice as a result of a deficient performance by counsel. Sperle was facing four counts of Sexual Abuse of Children—each carrying a possible life sentence—as well as a count of Surreptitious Visual Observation or Recordation and a count of Tampering with or Fabricating Evidence. Clearly, he got the benefit of his bargain. Sperle was able to have all but one count dismissed, with an agreement that the State would recommend a 30-year sentence with 20 years suspended.

¶28 Sperle points to no facts which, even if taken as true, would overcome the strong presumption that defense counsel's performance fell within prevailing professional norms. To the contrary, Sperle had acknowledged that he was satisfied with defense counsel's performance at the time of the plea, where he successfully bargained for a significant reduction in criminal liability.

¶29 Because there was a sufficient factual basis to support Sperle's guilty plea, and because Sperle has not identified facts which could show he was prejudiced by a deficient performance by defense counsel, we affirm the lower court decision dismissing Sperle's petition for postconviction relief without holding an evidentiary hearing or awaiting a response by defense counsel.

¶30 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no issues of first impression and does not establish new precedent or modify existing precedent.

¶31 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

Justice Ingrid Gustafson, specially concurring.

¶32 I concur with affirming the dismissal of Sperle's petition for postconviction relief. I do not necessarily believe Sperle's allocution provided a sufficient factual basis to support acceptance of his guilty plea. Sufficiency of the factual basis for acceptance of his plea, however, could reasonably have been raised on direct appeal. Thus, I would conclude Sperle waived this issue for review. I agree with the Opinion that Sperle failed to identify facts, which could show he was prejudiced by deficient performance of his counsel and, as such, cannot establish ineffective assistance of counsel.

/S/ INGRID GUSTAFSON