DA 11-0577

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 100

DAN BURNS,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Fifteenth Judicial District,
In and For the County of Roosevelt, Cause No. DC-43-2008-0019-IN
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Dan Burns (self-represented litigant); Deer Lodge, Montana

        For Appellee:

        Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

        Ralph J. Patch, Roosevelt County Attorney, Wolf Point, Montana

Submitted on Briefs:  April 11, 2012

Decided:  May 8, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Appellant Daniel Christopher Burns (Burns) appeals pro se from the denial of his motion to withdraw his guilty plea in the Fifteenth Judicial District, Roosevelt County.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2      In 2008, Burns was charged with one felony count of Sexual Abuse of Children pursuant to § 45-5-625, MCA, following allegations that he provided a sex toy to a golf class pupil and coerced the boy to use it on himself while Burns masturbated.  In March 2009, Burns agreed to enter a guilty plea in exchange for the promise that the State would not seek to impose imprisonment exceeding 30 years.  At a sentencing hearing on July 2, 2009, the District Court heard testimony from several witnesses and then sentenced Burns to 60 years in the Montana State Prison with 35 years suspended.

¶3      Burns appealed the District Court's restitution order, which required that he pay future moving expenses for his victim's family.  The State filed a notice of concession on the issue and we remanded for the purpose of striking that portion of the restitution order.

¶4      On January 18, 2011, Burns filed a "Motion to Withdraw Plea of Guilty" with the District Court, alleging that he received ineffective assistance of counsel from his public defender, and that she changed the venue of the trial without his permission.  He claimed that once the venue of his trial had been changed from Wolf Point to Plentywood, his attorney informed him that he should plead guilty because "a bunch of farmers would likely find him guilty in fear that he would be let loose to rape their children."  He further

alleged that she misled him into believing that if he went to trial, the State would introduce evidence of a prior allegation of sexual misconduct.

¶5 The District Court treated his motion as one for post-conviction relief. The State filed a motion pursuant to *In re Petition of Gillham*, 216 Mont. 279, 282, 704 P.2d 1019, 1021 (1985), on the grounds that "a response from counsel is necessary in order to answer the charges of ineffective assistance." His attorney then filed a 25-page response addressing each of Burns' allegations. She denied moving for a change of venue without Burns' permission or stating that a jury in Plentywood would convict Burns out of fear that he would be set free to rape their children. She acknowledged informing Burns that it was his decision to introduce testimony as to his good character, but that it would possibly open the door to other bad acts evidence that had been disclosed by the State. The District Court denied the petition, and Burns now appeals from that order.

ANALYSIS

¶6 Section 46-16-105(2), MCA, allows a court to withdraw a guilty plea and substitute a not guilty plea where good cause is shown. Good cause exists when a defendant's plea is made involuntarily. *See e.g. State v. Warclub*, 2005 MT 149, ¶ 16, 327 Mont. 352, 114 P.3d 254. However, we will not overturn a district court's denial of a motion to withdraw a guilty plea if the defendant was aware of the direct consequences of the plea, and if the plea was not induced by threats, misrepresentation, or an improper promise such as a bribe. *Warclub*, ¶ 32 (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970)). Burns signed a written waiver in this case, and the District Court adequately interrogated him in order to assure that he was well-informed as to the

3

rights he would be giving up upon entry of a plea. He also testified to the factual basis of his offense and acknowledged that the State possessed sufficient information to convict him. There is no evidence that Burns was unaware of the consequences of his plea.

¶7 Ineffective assistance of counsel can also constitute good cause. *State v. Valdez-Mendoza*, 2011 MT 214, ¶ 14, 361 Mont. 503, 260 P.3d 151. When the defendant is represented by counsel during the plea process and enters a plea upon the advice of counsel, the voluntariness of that plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. McFarlane*, 2008 MT 18, ¶ 11, 341 Mont. 166, 176 P.3d 1057.

¶8 Burns' primary argument is that his attorney "did nothing more than allow the State to intimidate [him] into pleading guilty." He claims that he would have rejected the State's plea offer and insisted upon trial if she had not convinced him that he would also be standing trial for an alleged sexual assault some 30 years prior.

¶9 The appropriate analysis is the two-part test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). That case established that a defendant must prove (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense. *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. With respect to the first prong, there is a strong presumption that counsel's actions represent trial strategy and are within the broad scope of reasonable professional conduct. *State v. Hendricks*, 2003 MT 223, ¶ 7, 317 Mont. 177, 75 P.3d 1268. If an insufficient showing is made regarding one prong,

4

there is no need to address the other prong. *Maldonado v. State*, 2008 MT 253, ¶ 35, 345 Mont. 69, 190 P.3d 1043.

¶10 Burns faults the District Court for failing to speculate as to how his trial counsel's advice regarding character evidence and prior allegations would play out at trial. He sets forth several general denials or statements regarding his good character and attempts to show how these statements would not have opened the door to evidence of other crimes, wrongs, or acts pursuant to the Montana Rules of Evidence.

¶11 Here, Burns does not meet his burden of establishing that his attorney's actions fell outside the accepted range of professional conduct. Relaying unfavorable advice to a client and evaluating a case in light of the evidence falls within defense counsel's duty to their client. *See e.g. State v. Thee*, 2001 MT 294, ¶ 13, 307 Mont. 450, 37 P.3d 741, *overruled on other grounds*, *Whitlow*, ¶ 18 (counsel's candid assessment of legal circumstances may have caused anxiety or pain, but did not induce defendant to plead guilty, as counsel had a duty to inform client of the elements of the offense, the possible punishment, and advisability of a plea agreement). Moreover, Burns testified at the change-of-plea hearing that he was "very, very, very happy" with his public defender.

¶12 Burns also alleges that the December 11, 2008, motion to change venue was made without his knowledge or permission. To the contrary, the record indicates that his attorney corresponded with him numerous times regarding this motion. Burns alleges in similar fashion that his attorney told him that he would be unable to receive a fair trial in Plentywood. Her response denied making such a statement, emphasizing that she only counseled him on potential jury issues. A person requesting post-conviction relief must

5

show, by a preponderance of the evidence, that the facts justify relief. *State v. Cobell*, 2004 MT 46, ¶ 12, 320 Mont. 122, 86 P.3d 20. In this case, Burns' claims regarding the motion to change venue are unsupported.

¶13 Burns' unsupported allegations, taken together with his trial counsel's response, at most establish that his attorney bluntly assessed his legal circumstances. As discussed above, such discussions fall within defense counsel's duty to their client. We hold that Burns has not established by a preponderance of the evidence that he was induced to plead guilty as a result of any of his trial counsel's statements regarding the jury dynamic.

CONCLUSION

¶14 Burns has not presented a sufficient argument to overcome the presumption that counsel's action and advice were outside the broad scope of reasonable professional conduct. As Burns has not established that his counsel was ineffective, he has not presented good cause to withdraw his guilty plea.

¶15 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON

6