DA 13-0135

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 316

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MICHAEL RAY JACKSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-11-389(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Julie Brown, Montana Legal Justice, PLLC, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General; Carolyn Sime, Legal Intern, Helena, Montana

          Ed Corrigan, Flathead County Attorney, Kalispell, Montana

                      Submitted on Briefs:  October 9, 2013
                             Decided:  October 29, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Michael Ray Jackson appeals from an order of the Eleventh Judicial District Court, Flathead County, denying his Motion to Withdraw Plea of No Contest. We affirm.

¶2 The issue presented on appeal is whether the District Court erred by denying Jackson's motion to withdraw his plea.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 On November 18, 2011, Jackson's girlfriend, Maresa Brauer, ended their relationship. Later that day, officers responded to a report of a disturbance at Brauer's residence. According to Brauer's statement to police, Jackson sent her a text that said, "Game on." He then drove to her house, where she was accompanied by a female friend. Brauer said that Jackson pulled her hair, punched out the passenger side mirror on her car, slashed her car's tires, and used his truck to push her car toward the house. Brauer's friend said that Jackson also used his truck to push her van. Jackson then produced a rifle and pointed it at the two women. Brauer ran into the house and her friend hid behind a tree. Both women called 911.

¶4 Jackson was charged with two counts of felony assault with a weapon and two counts of misdemeanor criminal mischief. He reached a plea agreement with the State, pursuant to which he agreed to plead no contest to one count of felony criminal endangerment in violation of § 45-5-207, MCA. The State agreed to recommend a ten-year suspended sentence.

¶5 At the change of plea hearing, the District Court first established that Jackson was aware of the nature of the allegations, had been given sufficient time to discuss the matter with counsel, and was satisfied with the performance of counsel. Jackson was then sworn and the District Court elicited testimony in support of his plea. Jackson testified that he was entering his plea knowingly and voluntarily. He testified that no improper threats or promises had been made. Upon questioning from his attorney, Jackson testified that on November 18, 2011, there had been an incident between himself and Brauer. Jackson stated that the allegations regarding that incident were contained in the information, affidavit, police report, and witness statements, which had been provided to him for review. He confirmed his intent to plead no contest to criminal endangerment.

¶6 Jackson's attorney then asked whether, after reviewing the evidence against him, he believed it was likely that he would be convicted. Jackson replied, "Due to my financial standing[,] I believe that to be true." Jackson's attorney asked if he wished to take the benefit of the bargain with the State rather than going through a trial, to which Jackson replied, "I just can't afford to pay." Jackson's attorney explained that his services as a public defender were free and that he was prepared to go to trial at no cost. Jackson stated that he understood. He then confirmed that he wanted to "get back to work." He also hoped to reconcile with Brauer. He testified that he understood his no contest plea would result in a conviction, but that he would not have to make specific admissions of guilt.

¶7 The State then questioned Jackson, who confirmed that he believed there would be a "good possibility" of serving prison time rather than receiving a suspended sentence if

3

the matter went to trial. The State asked Jackson, "So that's what you mean when you say financially, because you want to be able to stay out in the community in order to keep your job?" Jackson replied that he "wouldn't do much good" in prison.

¶8 The District Court took judicial notice of the affidavit filed in support of the information and found that there was a sufficient basis for the plea. The District Court accepted Jackson's plea of no contest. Prior to sentencing, Jackson moved to withdraw his plea, which the District Court denied. He then received a ten-year suspended sentence in accordance with the State's recommendation.

## STANDARD OF REVIEW

¶9 On appeal of the denial of a motion to withdraw plea, this Court reviews findings of underlying fact for clear error and conclusions of law for correctness. *State v. Warclub*, 2005 MT 149, ¶ 24, 327 Mont. 352, 114 P.3d 254. The voluntariness of a plea is a mixed question of law and fact, which this Court reviews de novo. *Warclub*, ¶ 24.

## DISCUSSION

¶10 Jackson claims that the District Court failed to establish a sufficient factual basis for his no contest plea. He also claims that the District Court did not determine that he believed the plea to be in his best interest. Therefore, he claims that he should be permitted to withdraw his plea, because there is doubt as to whether it was entered voluntarily.

¶11 A plea of *nolo contendere*, or no contest, may be withdrawn for good cause at any time before judgment or within one year of final judgment. Section 46-16-105(2), MCA. We will apply the same good cause standard to a motion to withdraw a plea of *nolo*

4

*contendere* as we do to a motion to withdraw a guilty plea. Good cause exists where a plea was entered involuntarily. *Warclub*, ¶ 16. An inadequate plea colloquy may be one indication that a plea was involuntary. *State v. Frazier*, 2007 MT 40, ¶ 10, 336 Mont. 81, 153 P.3d 18 (citing *State v. Muhammad*, 2005 MT 234, ¶ 14, 328 Mont. 397, 121 P.3d 521).

¶12 A court may not accept a plea of guilty without determining that there is a factual basis supporting the plea. Section 46-12-212(1), MCA. The court is therefore required to "solicit admissions from a defendant regarding what acts the defendant committed that constitute the offense charged." *Frazier*, ¶ 21. If a defendant does not wish to make such admissions, however, he or she may instead enter a plea of no contest. Section 46-12-212(2), MCA. The court may accept a plea of no contest "if the defendant considers the plea to be in [his or her] best interest and the court determines that there is a factual basis for the plea." Section 46-12-212(2), MCA. Because a no contest plea exists specifically to allow a defendant to avoid making admissions, the court must look to other sources in order to establish the required factual basis. *State v. Locke*, 2008 MT 423, ¶¶ 18-19, 347 Mont. 387, 198 P.3d 316. The information and affidavit may provide the factual basis for a no contest plea. *Locke*, ¶ 19.

¶13 The District Court established a sufficient factual basis for the offense of criminal endangerment. Jackson testified that an incident involving Brauer had taken place on November 18, 2011. He testified that the information, affidavit, police report, and witness statements had been provided to him. He testified that he understood the allegations against him. He testified that he believed it was likely he would be convicted

if the matter were to proceed to trial. The District Court also reviewed the affidavit offered by the State, which included the statements of Brauer and her friend describing the incident to officers. Brauer stated that Jackson had pulled her hair, broken the mirror on her car, slashed the tires on her car, pushed her car with his truck, and then pointed a rifle at her. Brauer's friend confirmed the account, adding that Jackson had also pushed her van with his truck. The affidavit also noted that officers had taken photos of the damaged vehicles at the scene and had observed the women to be visibly shaken and distressed. This was sufficient to establish that a factual basis existed to support the charge of criminal endangerment.

¶14 The District Court also adequately determined that Jackson believed the no contest plea to be in his best interest. Jackson testified that he believed that he would likely be convicted if the matter went to trial. He wanted to avoid a trial and possible prison sentence so that he could return to his job and attempt to reconcile with Brauer. He wanted to receive the benefit of the State's recommendation of a suspended sentence, which he believed he was not likely to receive if he were convicted after a trial. He also understood that he had the option of proceeding to trial with an attorney at no cost. Jackson's testimony was sufficient to support the conclusion that he believed the plea was in his best interest.

¶15 Furthermore, the record supports the conclusion that Jackson's plea was entered knowingly and voluntarily. He stated that he understood the nature of the allegations against him and had received the advice of counsel. He testified that his plea was voluntary. He understood his plea would result in a conviction. He understood the

State's recommendation and was aware that it was not binding on the District Court. He received the benefit of reduced charges and a suspended sentence.

¶16 The District Court did not err by denying Jackson's motion to withdraw plea. We will not overturn a district court's denial of a motion to withdraw a guilty plea if the defendant was aware of the consequences of the plea, and the plea was made voluntarily. *Burns v. State*, 2012 MT 100, ¶ 6, 365 Mont. 51, 277 P.3d 1238.

¶17 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER