

DA 12-0605

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 44N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DAVID V. PAISLEY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 10-540
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Johnna K. Baffa, Van de Wetering & Baffa, P.C., Missoula, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
Attorney General, Helena, Montana

      Fred R. Van Valkenburg, Missoula County Attorney, Jason Marks, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  January 29, 2014
Decided:  February 18, 2014

Filed:

_____
               Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David Vincent Paisley appeals from an order of the Fourth Judicial District Court, Missoula County, denying his Motion to Withdraw Plea of Nolo Contendere. We affirm.

¶3 The issue presented on appeal is whether the District Court erred by denying Paisley's motion to withdraw his plea.

¶4 Paisley was charged with sexual abuse of children, a felony, in violation of § 45-5-625, MCA, after engaging in an online chat with an officer posing as a 14-year-old girl, arranging to meet the girl for sex, and arriving at the designated meeting place. He entered a plea of nolo contendere, pursuant to which he maintained his innocence, but acknowledged that a jury would likely find him guilty beyond a reasonable doubt. At the change of plea hearing, Paisley stated he was satisfied with the services of his attorney. Paisley stated his plea had not been induced by any threats or promises. He understood he was giving up his right to a jury trial and believed the plea to be in his best interests. He understood the plea was not binding upon the court. Paisley also signed a plea agreement and waiver of rights. He initialed each line of the four-page waiver of rights, which included the statement, "This plea is being voluntarily made and is not the result of any force or threats . . . ." He was aware that the maximum sentence was life in prison. Pursuant to the

plea agreement, the State recommended a ten-year suspended sentence and designation as a low risk sexual offender.

¶5 At a sentencing hearing on June 8, 2011, Paisley received the ten-year suspended sentence recommended in the plea agreement. As a condition of his supervision, he was not permitted to visit parks and playgrounds unless accompanied by an appropriately trained adult approved by his probation officer. On June 28, 2011, Paisley was seen unaccompanied in a park where children were present. His suspended sentence was revoked and he was committed to the Montana State Prison for ten years.

¶6 Paisley moved to withdraw his plea on August 6, 2012. He argued that he had been entrapped by the officer posing as a 14-year-old girl. He also claimed his attorney had coerced him into entering a plea by saying that he would likely be found guilty and may face additional federal charges. He claimed his attorney had provided ineffective assistance of counsel by coercing his plea rather than presenting a defense. The District Court denied the motion on September 28, 2012. Paisley appealed to this Court.

¶7 In his appeal, Paisley argues for the first time that pursuant to § 46-12-204(4), MCA, the District Court was not authorized to accept a plea of nolo contendere in a sexual offense case. He also argues for the first time that his plea was involuntary because he did not know he could not enter a plea of nolo contendere, and that he received ineffective assistance of counsel because his attorney did not inform him that he could not enter a plea of nolo contendere.

¶8 A party may not raise new arguments or change its legal theory on appeal. *State v. Martinez*, 2003 MT 65, ¶ 17, 314 Mont. 434, 67 P.3d 207. This Court will not consider

3

issues not presented to the district court. *State v. Peterson*, 2013 MT 329, ¶ 26, 372 Mont. 382, 314 P.3d 227. The only issue in this appeal that was also raised in the District Court is whether Paisley's plea was involuntary because it was coerced by his attorney. We address only that issue.

¶9 On appeal of the denial of a motion to withdraw plea, we review the district court's findings of fact for clear error. *State v. Warclub*, 2005 MT 149, ¶ 24, 327 Mont. 352, 114 P.3d 254. A finding is clearly erroneous if it is "not supported by substantial evidence, the court has misapprehended the effect of the evidence, or our review of the record convinces us that a mistake has been made." *Warclub*, ¶ 23. We review conclusions of law for correctness. *Warclub*, ¶ 24. The voluntariness of a plea is a mixed question of law and fact, which we review de novo. *Warclub*, ¶ 24.

¶10 A plea of nolo contendere may be withdrawn for good cause at any time before judgment or within one year after the judgment becomes final. Section 46-16-105(2), MCA. Good cause for withdrawal of a plea of nolo contendere exists where the plea was entered involuntarily. *State v. Jackson*, 2013 MT 316, ¶ 11, 372 Mont. 312, 312 P.3d 462. A plea is involuntary if it is induced by threats or improper promises. *State v. Brinson*, 2009 MT 200, ¶ 8, 351 Mont. 136, 210 P.3d 164. The defendant must be fully aware of the direct consequences of his or her plea. *State v. Muhammad*, 2005 MT 234, ¶ 14, 328 Mont. 397, 121 P.3d 521. The adequacy of the district court's interrogation and the benefit received by the defendant may be among the "case-specific considerations" demonstrating the voluntariness of a plea. *Muhammad*, ¶ 14.

4

¶11    The District Court found that Paisley's plea of nolo contendere had not been coerced by his attorney. At the plea hearing, Paisley admitted it was likely the State would be able to obtain a verdict against him. He stated he was satisfied with the services of his attorney. He stated his attorney had done everything Paisley asked of him. He also stated that no threats or promises had been made to induce his plea. The District Court's finding that Paisley was not threatened is supported by the transcript, the written plea agreement, and the waiver of rights. The finding of the District Court is not clearly erroneous.

¶12    The record also shows that Paisley was aware of the direct consequences of his plea. He understood that he was giving up his right to a trial, his right to challenge the evidence against him, and his right to appeal a finding of guilty. He understood that he faced a maximum sentence of life in prison. In exchange for his plea, the State recommended a ten-year suspended sentence. Paisley received the benefit of this agreement. Paisley contends that he is ineligible for sex offender treatment at MSP, a prerequisite for parole consideration, because of his decision to maintain his innocence. There is no evidence in the record that Paisley is ineligible for treatment or parole. *See State v. Cameron*, 253 Mont. 95, 101, 830 P.2d 1284, 1288 (affirming denial of motion to withdraw plea where "[t]he record in this case does not show that if the defendant maintained his innocence, there was no possibility of a favorable sex offender evaluation"), *overruled in part on other grounds, State v. Deserly*, 2008 MT 242, ¶ 12 n. 1, 344 Mont. 468, 188 P.3d 1057, *overruled in part, Brinson*, ¶ 9. Indeed, at the sentencing hearing on June 8, 2011, he had already made arrangements to participate in outpatient treatment while serving his suspended sentence. Paisley's plea was not involuntary.

¶13     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶14     Affirmed.

/S/ MIKE McGRATH

We Concur:


/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT