FILED

March 3 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0252

DA 14-0252

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 74N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

DEAN ANTHONY REEVES,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DC-2012-09
Honorable George Huss, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Dean Anthony Reeves, self-represented; Lewistown, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General; Helena, Montana

          Brant S. Light, Assistant Attorney General, Special Deputy County
Attorney for Rosebud County; Helena, Montana

          C. Kristine White; Rosebud County Attorney; Forsyth, Montana


                Submitted on Briefs:  February 11, 2015
                          Decided:  March 3, 2015

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dean Anthony Reeves (Reeves) appeals from the denial of his motion to withdraw his guilty plea by the Sixteenth Judicial District Court, Rosebud County. In 2012, Reeves pled guilty to Criminal Possession of Dangerous Drugs and Tampering with Witnesses and Informants. The District Court sentenced Reeves in accordance with the plea agreement to a term of 20 years, with all of that time suspended. Thereafter, Reeves failed to comply with the terms of his suspended sentence and, upon revocation of his sentence, the District Court resentenced Reeves to a term of 20 years, with 8 years suspended. Reeves subsequently filed a motion to withdraw his original plea. The District Court denied Reeves' motion, concluding Reeves failed to present good cause. Reeves raises two issues on appeal: (1) whether the District Court erred in concluding Reeves' plea was voluntary; and (2) whether the District Court erred in denying Reeves' motion for a new Presentence Investigation Report (PSI).

¶3 Pursuant to § 46-16-105(2), MCA, a court may permit withdrawal of a guilty plea where good cause is shown. "Good cause exists when a defendant's plea is made involuntarily." *Burns v. State*, 2012 MT 100, ¶ 6, 365 Mont. 51, 277 P.3d 1238.

2

"However, we will not overturn a district court's denial of a motion to withdraw a guilty plea if the defendant was aware of the direct consequences of the plea, and if the plea was not induced by threats, misrepresentation, or an improper promise such as a bribe." *Burns*, ¶ 6.

¶4     Reeves received an entirely suspended sentence, signed a written waiver, and confirmed during the plea colloquy he was acting knowingly, voluntarily, and had not received any threats, misrepresentations, or improper promises. There is no evidence that Reeves' plea agreement was not entered voluntarily.

¶5     Reeves next argues the court erred by denying his motion for a new PSI, asserting it did not accurately state his extensive criminal history. However, we "have recognized that where a sentencing court is found not to have *relied* on improper or erroneous information in sentencing a criminal defendant, there is nothing to correct or rebut and, therefore, that the defendant is not entitled to resentencing on due process grounds." *Bauer v. State*, 1999 MT 185, ¶ 24, 295 Mont. 306, 983 P.2d 955 (emphasis in original; internal quotations omitted). Even assuming for sake of argument that the PSI misstated Reeves' criminal history, he is not entitled to resentencing. Reeves was sentenced in accordance with the plea agreement and contrary to the recommendation of the PSI. At Reeves' urging, the District Court rejected the 30-year sentence, with 15 years suspended, recommended in the PSI, and adopted the sentence recommended by the plea agreement. Accordingly, any alleged error in the PSI does not provide grounds for reversal because the PSI was not relied upon by the court in sentencing Reeves.

3

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court clearly did not err by denying Reeves' motion to withdraw his plea.

¶7 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ BETH BAKER

4