FILED

April 5 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0597

DA 15-0597

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2016 MT 84N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ZACHARY SHAFFER,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DC 12-26
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Zachary Shaffer (Self-Represented), Shelby, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Alex R. Nixon, Carbon County Attorney, Red Lodge, Montana

Submitted on Briefs:  March 2, 2016

Decided:  April 5, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On February 22, 2013, Zachary Shaffer (Shaffer) entered and the District Court accepted a *nolo contendere* plea to a felony intimidation charge. On March 6, 2013, the District Court sentenced Shaffer to two consecutive ten-year sentences, one for the felony intimidation conviction, and one for a separate conviction stemming from a different incident. Shaffer appealed to this Court, arguing for various reasons that the judgments in both cases should be vacated. We affirmed the judgments and sentences. *State v. Shaffer*, 2014 MT 340N, 377 Mont. 436, 348 P.3d 172. On March 20, 2015, Shaffer filed a motion to withdraw his guilty plea in this case. The District Court denied his motion. Shaffer appeals the denial of his motion to withdraw his guilty plea. We affirm.

¶3 In his brief on appeal, Shaffer raises several claims that were not presented to the District Court. These include his claim that he entered the *nolo contendere* plea because he was under the mistaken belief that he risked a sentence enhancement due to a persistent felony offender (PFO) designation if he proceeded to trial; that he received ineffective assistance of counsel because his trial counsel should have informed him before he entered his plea that he was not subject to a PFO designation; that the charges

2

dismissed in exchange for his plea in this case offered no benefit to him because conviction on all of the charges was not possible; and that the time he served in incarceration exceeded the maximum penalty for the misdemeanors with which he was initially charged.

¶4 As we have said numerous times before, "this Court will not entertain new issues that were not raised in the District Court." *State v. Peterson*, 2013 MT 329, ¶ 26, 372 Mont. 382, 314 P.3d 227 (citing *State v. Osterloth*, 2000 MT 129, ¶ 20, 299 Mont. 517, 1 P.3d 946 (no new issues may be raised on appeal of a motion to withdraw a plea); *State v. McFarlane*, 2008 MT 18, ¶ 12, 341 Mont. 166, 176 P.3d 1057 (this Court will not consider a claim of ineffective assistance of counsel at a change of plea proceeding when the claim was not raised in district court)). Because Shaffer did not raise the above claims in his motion to the District Court, we decline to address them now on appeal.

¶5 However, Shaffer's remaining claim—that he is entitled to withdraw his plea because it was entered involuntarily—was raised in the District Court and is properly before us now. When reviewing an appeal of a denial of a motion to withdraw a plea, we review a district court's findings of fact for clear error and its conclusions of law for correctness. *State v. Jackson*, 2013 MT 316, ¶ 9, 372 Mont. 312, 312 P.3d 462 (citing *State v. Warclub*, 2005 MT 149, ¶ 24, 327 Mont. 352, 114 P.3d 254). "The voluntariness of a plea is a mixed question of law and fact, which this Court reviews de novo." *Jackson*, ¶ 9 (citing *Warclub*, ¶ 24).

¶6 Section 46-16-105(2), MCA, provides for the withdrawal of a plea of guilty or *nolo contendere*:

> At any time before judgment or, except when a claim of innocence is supported by evidence of a fundamental miscarriage of justice, within 1 year after judgment becomes final, the court may, for good cause shown, permit the plea of guilty or nolo contendere to be withdrawn and a plea of not guilty substituted.

We have determined that "good cause" includes a plea that was entered involuntarily. *McFarlane*, ¶ 11. A defendant's plea is voluntary only if he is "fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel." *State v. Lone Elk*, 2005 MT 56, ¶ 21, 326 Mont. 214, 108 P.3d 500 (quoting *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970)) (internal quotations omitted), *overruled in part on other grounds by State v. Brinson*, 2009 MT 200, ¶ 9, 351 Mont. 136, 210 P.3d 164. "[N]umerous case-specific considerations may bear on the question of whether good cause is shown to withdraw a guilty plea." *State v. Robinson*, 2009 MT 170, ¶ 11, 350 Mont. 493, 208 P.3d 851 (citing *Lone Elk*, ¶ 23). Among these considerations are "[w]hether a district court adequately interrogated the defendant to determine whether the defendant understood his plea," *Lone Elk*, ¶ 14, and "[w]hether the defendant's plea was the result of a plea bargain in which the prosecutor exchanged the plea for dismissal of another charge," *Lone Elk*, ¶ 16. The former bears on voluntariness because it tends to show the defendant had all the information necessary to make an informed decision. *Lone Elk*, ¶ 14. The latter "bears on voluntariness because it tends to show the defendant made an intelligent and calculated decision." *Lone Elk*, ¶ 16. However, "[t]he rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision."

*Lone Elk*, ¶ 26 (quoting *Brady*, 397 U.S. at 757, 90 S. Ct. at 1473) (internal quotations omitted). The District Court need not allow the defendant to withdraw his guilty plea "[s]imply because the results failed to turn out as he expected or desired." *Lone Elk*, ¶ 27.

¶7 We are satisfied in this case that Shaffer's plea was entered voluntarily. Shaffer signed a plea agreement that enumerated his trial rights and explained that by signing the agreement, he was waiving those rights. The agreement explained that in exchange for Shaffer's plea, the County Attorney would dismiss with prejudice the other counts charged in the information and would withdraw the PFO designation. The agreement further states that Shaffer had discussed the consequences of pleading "No Contest" with his attorney, that he has had no communication problems with his attorney, and that he was satisfied with his attorney's services and advice. The agreement concludes with an affirmation that no physical or mental ailment prevents Shaffer from understanding what he is doing, and that he "voluntarily plead[s] no contest/nolo contendere to the offense of intimidation."

¶8 During the February 22, 2013 change of plea hearing, the District Court then engaged in a thorough colloquy with Shaffer, during which Shaffer verbally confirmed the statements set forth in the written plea agreement. For instance, the court had the following exchanges with Shaffer:

> THE COURT: It's my understanding that you have entered into a Section 46-12-211(1)(c) plea agreement with the state of Montana. You've indicated here by your filings that you've fully discussed the terms of the plea agreement with your attorney and it is your express and voluntary decision to enter into a plea agreement with the State. Please understand

that the Court does not participate in the making of plea agreements and the Court's not bound by the terms and conditions of plea agreements. Under Section 46-12-211(1)(c) of the Montana Code the Court is, in fact, free to impose any lawful sentence which could be imposed for the offense to which you pled no contest and if the Court did impose a sentence greater than the one recommended in the plea agreement, you would not be allowed to withdraw your no contest plea as a matter of law.

THE DEFENDANT: Yes, Sir.

.  .  .

THE COURT: Mr. Shaffer, do you acknowledge that you've had good communication with your counsel in this matter?

THE DEFENDANT: Yes.

THE COURT: And you're satisfied with his services and advice here?

THE DEFENDANT: Yes, sir.

These exchanges demonstrate that the District Court adequately interrogated Shaffer to ensure that Shaffer understood the consequences of his plea. *Lone Elk*, ¶ 14. Together with the statements contained in the signed plea agreement and Shaffer's repeated assurances that he was satisfied with the services provided by his attorney, Shaffer's colloquy with the District Court at his change of plea hearing satisfies this Court that Shaffer's plea was entered voluntarily. The fact that Shaffer's sentencing did not turn out as he expected or desired does not entitle him to withdraw his guilty plea. *Lone Elk*, ¶ 27.

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear

application of applicable standards of review. The District Court did not err in denying Shaffer's motion to withdraw his plea.

¶10    Affirmed.

                         /S/ PATRICIA COTTER


We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE