DA 22-0612

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 138

FILED

07/01/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0612

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JONAH MICAH WARR,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 20-103
Honorable Howard F. Recht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Karl Pitcher, Attorney at Law, Missoula, Montana

      For Appellee:

         Austin Knudsen, Montana Attorney General, Tammy K Plubell,
Assistant Attorney General, Helena, Montana

         Bill Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  May 7, 2025

Decided:  July 1, 2025

Filed:

_____
Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 Jonah Micah Warr appeals the denial by the Montana Twenty-First Judicial District Court, Ravalli County, of his request to withdraw a no contest plea[1] following the court's rejection of his plea agreement. We address the following issues:

1. *Did the District Court erroneously conclude that the mandatory minimum sentence exception for mental impairment under § 46-18-222(2), MCA, did not apply?*

2. *Did the District Court violate § 46-12-211(4), MCA, when it denied Warr an opportunity to withdraw his plea after rejecting the plea agreement?*

Warr also separately asserts that the District Court's denial of his motion to withdraw his plea violated his United States and Montana constitutional rights. We reverse on Issue 2 and therefore do not reach this argument.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On July 29, 2020, Warr called 911 expressing suicidal intent. Ravalli County Deputy Gregoire responded, and Warr, armed with a knife and suffering a severe mental health crisis—including paranoia, hallucinations, and suicidal ideation—advanced toward Deputy Gregoire. Warr was subsequently subdued with tasers. On August 10, 2020, the State charged Warr, by Information, in Ravalli County, with Assault on a Peace Officer, a felony, pursuant to § 45-5-210(1)(b), MCA, alleging Warr purposely or knowingly caused reasonable apprehension of serious bodily injury in Gregoire, a peace officer, by use of a

---

[1] Section 46-12-204, MCA, provides that "[a] defendant may plead guilty, not guilty, or, with the consent of the court and the prosecutor, nolo contendere." The statute does not expressly recognize a "no contest" plea, though we have recognized that a "no contest" and "nolo contendere" plea are the same. *State v. Spreadbury*, 2011 MT 176, ¶¶ 12-14, 361 Mont. 253, 257 P.3d 392; *State v. Jackson*, 2013 MT 316, ¶¶ 11-12, 372 Mont. 312, 312 P.3d 462.

weapon. The potential penalty Warr faced, pursuant to § 45-5-210(2), MCA, was imprisonment in the state prison for a mandatory minimum of two years and maximum of ten years and a fine not to exceed $50,000.

¶3 On September 1, 2021, Warr initially entered a no contest plea pursuant to a plea agreement under § 46-12-211(1)(b), MCA.[2] Pursuant to the plea agreement, the prosecutor agreed that the specific sentence appropriate for disposition of the case was a five-year commitment to the Montana Department of Corrections, all suspended, and an agreement that Warr qualified for the statutory exception to the mandatory minimum sentence due to mental impairment under § 46-18-222(2), MCA.[3]

¶4 On December 1, 2021, the District Court rejected this plea agreement, expressing doubt about the applicability of the statutory mental impairment exception due to evidence that Warr's impairment resulted from voluntary intoxication. Warr withdrew his plea, and the matter was reset for trial.

¶5 On May 10, 2022, Warr re-entered a no contest plea under the same plea agreement, with the understanding he would provide additional evidence supporting the applicability of the mental impairment exception. On July 28, 2022, at sentencing, despite substantial evidence presented about Warr's mental health breakdown beginning prior to his substance

---

[2] A binding plea agreement in which the prosecutor agrees "that a specific sentence is the appropriate disposition of the case."

[3] Warr's plea agreement also provided that the exception for "unusual and substantial duress" under § 46-18-222(3), MCA, could also apply, and the District Court considered that exception at sentencing. However, Warr does not challenge the court's determination that § 46-18-222(3), MCA, did not apply.

ingestion, the District Court definitively rejected the plea agreement, ruling that Warr's impairment resulted primarily from voluntary intoxication. Warr immediately orally requested to withdraw his plea pursuant to § 46-12-211(4), MCA. However, the court denied Warr's request to withdraw his plea absent a written motion and refused Warr's request for additional time to file a written motion. Warr did not subsequently file a written motion and now timely appeals.

## STANDARD OF REVIEW

¶6 We review a district court's interpretation and application of the mental impairment exception under § 46-18-222, MCA, for correctness and the court's findings for clear error. *State v. Hamilton*, 2018 MT 253, ¶ 15, 393 Mont. 102, 423 P.3d 849; *State v. Schultz*, 2006 MT 100, ¶ 34, 332 Mont. 130, 136 P.3d 507. A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record leaves us with a definite and firm conviction that a mistake has been committed. *Hamilton*, ¶ 15.

¶7 A district court's denial of a motion to withdraw a guilty plea entered pursuant to a plea agreement requires interpretation of § 46-12-211(4), MCA. *State v. Zunick*, 2014 MT 239, ¶ 10, 376 Mont. 293, 339 P.3d 1228; *State v. Langley*, 2016 MT 67, ¶ 12, 383 Mont. 39, 369 P.3d 1005. We review a district court's conclusions of law and statutory interpretations de novo to determine whether the court correctly interpreted and applied the statute. *Zunick*, ¶ 10; *State v. Warclub*, 2005 MT 149, ¶¶ 23-24, 327 Mont. 352, 114 P.3d 254.

4

¶8    *1. Did the District Court erroneously conclude that the mandatory minimum sentence exception for mental impairment under § 46-18-222(2), MCA, did not apply?*

¶9    Section 46-18-222, MCA, provides exceptions to mandatory minimum sentences when certain factors exist, including as pertinent here, that, "at the time of the commission of the offense for which the offender is to be sentenced," "the offender's mental capacity . . . was significantly impaired, although not so impaired as to constitute a defense to the prosecution." Section 46-18-222(2), MCA. The statute further provides that "a voluntarily induced intoxicated or drugged condition may not be considered an impairment." Section 46-18-223(3), MCA, provides that, after a hearing, "if it appears by a preponderance of the information," including information presented during trial, at sentencing, or in the presentence investigation report, that the exception at issue does not apply, "the court shall impose the appropriate mandatory sentence" and state the reasons for its decision in its judgment.

¶10   Warr argues that the District Court erroneously concluded that the mental impairment exception did not apply. He emphasizes evidence showing that his severe psychological distress, hallucinations, and paranoia began before any voluntary substance ingestion, distinguishing his situation from purely voluntary intoxication cases. However, at sentencing, Warr presented the testimony of a mental health professional who spoke with him the day of the incident and said that Warr admitted drinking hard liquor and ingesting gabapentin that day. Warr also admitted to the court that he ingested alcohol and pills the

day of the incident, though he claimed he did so because he was experiencing a mental health crisis.

¶11 The District Court reasoned that the impaired mental capacity exception did not apply because mental capacity must be considered at the time of the offense, not at some other time. Though Warr claimed to be suffering a mental health breakdown for the entire month leading up to and including the event, Warr had not committed any crimes or threatened anyone until that day and only after he consumed alcohol and gabapentin, suggesting the substance use caused impairment, not the mental health crisis. The court noted it was uncontroverted that Warr ingested the intoxicating substances the day of the incident, and Warr presented no evidence that he did so involuntarily.

¶12 We acknowledge the compelling evidence of Warr's underlying mental health condition. Nevertheless, § 46-18-222(2), MCA, expressly excludes an offender's "voluntarily induced intoxicated or drugged condition" from qualifying as a mental impairment. Relying on that limitation to the applicability of the § 46-18-222(2), MCA, mental impairment exception to mandatory minimum sentences, in *State v. Keith*, 2000 MT 23, ¶¶ 30-31, 298 Mont. 165, 995 P.2d 966, we held that the district court did not err in failing to apply the mental impairment exception to a mandatory two-year minimum sentence for weapon enhancement because impairment of Keith's mental capacity "was based in part on the alcohol and drugs she voluntarily consumed."

¶13 Here, the District Court similarly found, by a preponderance of the information presented at sentencing and in the PSI, that Warr's impairment at the time of the offense was substantially influenced by voluntary intoxication. This finding is supported by

6

substantial evidence and is not clearly erroneous. Accordingly, we hold that the District Court correctly concluded that § 46-18-222(2), MCA, did not apply.

¶14 *2. Did the District Court violate § 46-12-211(4), MCA, when it denied Warr an opportunity to withdraw his plea after rejecting the plea agreement?*

¶15 Warr argues the District Court violated § 46-12-211(4), MCA, by failing to provide him the immediate opportunity to withdraw his plea upon the court's second rejection of the plea agreement at sentencing. The State contends that Warr had already been permitted to withdraw his plea following the initial rejection, arguing a subsequent withdrawal opportunity was unnecessary. Although the District Court had previously rejected the same plea agreement, its decision to allow Warr to re-enter his plea under the original plea agreement and continue evidentiary development signaled a willingness to reconsider (as evidenced by its acceptance of supplemental briefing and the scheduling of an evidentiary hearing). The second rejection thus functioned as a renewed, definitive rejection of the § 46-12-211(1)(b), MCA, plea agreement, triggering the requirements of § 46-12-211(4), MCA.

¶16 The statute, on which Warr relies, provides:

> If the court rejects a plea agreement of the type specified in subsection (1)(a) or (1)(b), the court shall, on the record, inform the parties of this fact and advise the defendant that the court is not bound by the plea agreement, **afford the defendant an opportunity to withdraw the plea**, and advise the defendant that if the defendant persists in the guilty or nolo contendere plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

7

Section 46-12-211(4), MCA (emphasis added). Warr asserts this statutory requirement applies each time a court rejects a plea agreement under § 46-12-211(1)(b), MCA, emphasizing the statute's plain language and our holding in *Zunick*.

¶17 Consistent with the statute, in *Zunick*, we held that a court must provide explicit advisement and immediate withdrawal opportunity following every definitive rejection of a plea agreement under subsection (1)(b). We rejected "the notion that the statute has been satisfied when a district court advises a defendant of the consequences of its possible rejection of a plea agreement in part at the change of plea hearing and then in part at a later sentencing hearing." *Zunick*, ¶¶ 11-19. We held that "the full statutory advisory required by § 46-12-211(4), MCA, must be given at the time the court notifies the defendant that it is rejecting the plea agreement, as the statute affirmatively requires." *Zunick*, ¶¶ 18-19; *accord Langley*, ¶¶ 5-8, 16, 25-26 (citing *Zunick*).

¶18 Additionally, the statute itself places no limitation on the number of withdrawal opportunities a defendant receives upon subsequent rejections, and it does not require the defendant to seek withdrawal of his plea upon rejection of the (1)(b) plea agreement by a formal, written motion. Even if the District Court believed a written motion might be helpful, the denial of Warr's request for a brief stay to prepare that motion further compounded the error. The refusal deprived him of the procedural mechanism the court itself deemed necessary.

¶19 Given the language of § 46-12-211(4), MCA, and our holding in *Zunick*, Warr's re-entry of a plea on the same (1)(b) plea agreement entitled him to withdraw his plea once the court rejected the plea agreement the second time, and the court's rejection of the (1)(b)

8

plea agreement required the court to inform Warr fully of his right to withdraw the plea and to allow him to withdraw it. Therefore, we hold that the District Court violated § 46-12-211(4), MCA, when, immediately upon the court's second rejection of the (1)(b) plea agreement, it did not explicitly advise Warr of his right to withdraw his plea and allow him to withdraw it and proceed to trial.

## CONCLUSION

¶20 For the reasons stated above, we affirm the District Court's determination regarding applicability of the mental impairment exception under § 46-18-222(2), MCA. However, we hold that the District Court violated Warr's statutory rights under § 46-12-211(4), MCA, and reverse on this issue. Accordingly, we vacate Warr's sentence and remand the case to the District Court, instructing it to afford Warr the immediate opportunity to withdraw his plea. Warr may then choose to proceed to trial or to enter into further plea negotiations consistent with statutory and constitutional protections we outline here.

¶21 Affirmed in part, reversed in part, and remanded for further proceedings.

/S/ KATHERINE M BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE

9